

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2007

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rivera" (2007). *2007 Decisions*. Paper 1774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1937

———

UNITED STATES OF AMERICA,


v.


ISAAC RIVERA,
aka, ISAAC BURGOS,
aka, ISAAC BONILLA,


Isacc Rivera,
                        Appellant


———


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-0373)

District Judge: Honorable Freda L. Wolfson


———


Submitted Under Third Circuit LAR 34.1(a),
November 27, 2006

Before: FUENTES, GARTH, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>.

(Filed: January 12, 2007)

———

[*] Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION

_____

FUENTES, Circuit Judge.

Isaac Rivera appeals his sentence, which was imposed after he pled guilty pursuant

to a plea agreement with the United States.[1]  For the reasons stated below, we hold that

the District Court imposed a reasonable sentence that adequately accounts for Rivera's

cooperation with the Government, and that the District Court properly considered all of

the 18 U.S.C. § 3553(a) factors.

I.

In our previous opinion in this case, United States v. Rivera, 357 F.3d 290 (3d Cir.

2004) ("Rivera I"), we described the following relevant background:

> From approximately June 2000 until on or about June 5, 2001,
> Rivera led a drug trafficking conspiracy that imported kilogram-quantities
> of cocaine powder from his suppliers in Puerto Rico, converted some of that
> powder into cocaine base, and distributed the cocaine and cocaine base in
> Camden, New Jersey.  On October 9, 2001, a federal grand jury returned a
> two-count indictment against Rivera.  Count One charged him with
> conspiracy to distribute and to possess with intent to distribute more than 50
> grams of cocaine base and more than five kilograms of cocaine powder in
> violation of 21 U.S.C. § 846.  Count Two charged possession with intent to

[1] As this Court noted in its February 9, 2004 opinion, the underlying indictment in
this case named Rivera as Isaac Burgos a/k/a Isaac Bonilla a/k/a Isaac Rivera.  With both
parties' consent, at the change of plea hearing, the District Court granted a motion to
deem changed all pleadings and documents to reflect that the defendant (now appellant)'s
true name is Isaac Rivera, with Burgos and Bonilla listed as aliases.

distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). On November 7, 2001, Rivera and the United States entered into an agreement which provided, among other things, that Rivera would plead guilty to Count One of the indictment and the United States would dismiss Count Two.

. . .

The district court ultimately adopted the factual findings and recommendations of the Presentence Report and, . . . sentenced Rivera to a 324 months term of imprisonment and supervised release of five years.

Id. at 291-93.

In Rivera I we vacated Rivera's 324 month sentence because at sentencing the Government had advocated for a Total Offense Level that was four levels above the parties' stipulated level in their cooperating plea agreement: the parties had stipulated to a Total Offense Level of 35 and the government advocated for a Total Offense Level of 39. We remanded Rivera's case for resentencing before a different judge.

On March 18, 2005, the District Court resentenced Rivera. The Court adopted the uncontested factual findings of the PSR and the probation officer's calculation of a Criminal History Category of III. Following the plea agreement, the Court calculated a Total Offense Level of 35, making the applicable guidelines range 210 to 262 months. The Court sentenced Rivera to 216 months' imprisonment. This appeal followed.

On appeal, Rivera argues that the District Court failed to consider sufficiently his cooperation with the government and as a result sentenced him to a greater amount of time than necessary, in contravention of 18 U.S.C. § 3553(a). Rivera also argues that his sentence does not comport with his similarly situated co-defendants' sentences, in

3

violation of 18 U.S.C. § 3553(a)(6).

II.

We review a District Court's imposition of a criminal sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); U.S. v. Dragon, 2006 WL 3821402, at *3 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Cooper established the framework for this undertaking, explaining that "we must first be satisfied the court exercised its discretion by considering the relevant factors." 437 F.3d at 329. "[T]he court is not required to discuss and make findings as to each of the § 3553(a) factors 'if the record makes clear the court took the factors into account in sentencing.' " Dragon, 2006 WL 3821402, at *3 (quoting Cooper, 437 F.3d at 329). Nor are there any magic words that a district judge must use when sentencing, as long as the record shows "that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." 437 F.3d at 329. And, as simply put in Dragon, "district judges are not required . . . to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2)." 2006 WL 3821402, *4.

Considering these principles, Rivera's appeal is without merit because the record reveals that the resentencing court carefully considered the extent of Rivera's cooperation and the relevance of his co-defendants' sentences. The Court separately addressed each of the § 3553(a) factors and noted, with respect to the history and characteristics of the

4

offense, as follows:

> I have been presented material from defense counsel with regard to Mr. Rivera's efforts to cooperate with the government or give some information that might be useful. I've heard from the government that none of that was in fact substantial assistance and there is no 5K application.
>
> I note that no pleas, no charges et cetera ha[ve] resulted from them. I will, however, certainly consider that he has made attempts to provide information and cooperate, which may be part of his efforts to rehabilitate himself.

(App. at 160.) The Court then addressed Rivera's co-defendants' sentences:

> I have looked at the various sentences as well that have been imposed on others that were related to this offense. I know that has been commented upon by defense counsel as well. I note in that regard some of the sentences have been very substantial, 262 months, 188 months, 200 months, 100 months, some of whom were involved in a lesser way as well.
>
> Of course to the extent that the defendant has urged that the Court impose a sentence of the mandatory minimum of 10 years, . . . I find that that sentence would be out-of-line in connection with the others that have been provided . . . based upon this defendant's involvement and the seriousness.

(App. at 161.) Finally, the District Court stated its appreciation that the Sentencing Guidelines are advisory and expressed that it found, in Rivera's case, that a sentence at the bottom of the guidelines range was consistent with what the Court found appropriate, and no greater than necessary, considering the § 3553(a) factors.

Based on this record it is abundantly clear that the District Court gave meaningful consideration to the extent of Rivera's cooperation, to his co-defendants' sentences, and to all of the relevant provisions of § 3553(a). See Cooper, 437 F.3d at 329. We afford

5

deference to the District Court because it is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at 330 (citation omitted).

III.

We have considered all of Rivera's remaining arguments and conclude that they are without merit. For the foregoing reasons, we conclude that the District Court's sentence was reasonable under Booker and Cooper. Accordingly, we will affirm the judgment of sentence.